CAUSEY *v.* STATE OF INDIANA.

[No. 569S122. Filed February 18, 1971.]

*Sam Mirkin,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Edward Squier Neal,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—This is an appeal from the St. Joseph Circuit Court. Defendant was charged by affidavit with Robbery by Putting in Fear and Commission of Robbery While Armed with a Deadly Weapon. The cause was submitted to trial by jury and on October 31, 1968, the jury found the defendant not guilty on Count II, Commission of Robbery While Armed with a Deadly Weapon, but found the defendant guilty on Count I of the lesser included offense of theft.

On November 14, 1968, the defendant filed a motion for a new trial. Said motion was subsequently granted by Special Judge Edward V. Minczeski on December 5, 1968. The State of Indiana filed, and the court granted, a motion to dismiss Count II of the affidavit (Commission of Robbery While Armed with a Deadly Weapon).

A second trial by jury on Count I (Robbery by Putting in Fear) again resulted in a finding of guilty of the lesser included offense of theft.

The defendant contends that his retrial below has violated the constitutional prohibition against subjecting him to double jeopardy for the same offense as prohibited by the Fifth Amendment to the United States Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution.

Burns, Indiana Statutes Anno. (1956 Repl.), § 9-1902, provides: "The granting of a new trial places the parties in

the same position as if no trial had been had; the former verdict cannot be used or referred to, either, in the evidence or in the argument." Present case law in Indiana supports the propostion that under the above quoted statute, when a defendant initiates an appeal asking for a new trial and the appeal discloses error, the original trial is treated as a nullity and defendant thereby waives any claim to double jeopardy. *Cichos* v. *State* (1965), 246 Ind. 680, 208 N. E. 2d 685, reh. den., 210 N. E. 2d 363; *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489. Furthermore, in *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489, 493, we said:

"In 1956 Mr. Justice Black reiterated the principle in *Griffin* v. *People of State of Illinois* (1956), 351 U. S. 12, 18, 76 S. Ct. 585, 590, 100 L. Ed. 891, that 'a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review.' It therefore follows that the legislature may grant an appeal upon such terms and conditions and with such restrictions as it sees fit. For a convicted defendant to secure an appeal for review in Indiana, he is required in most cases to ask for a new trial in order to properly present alleged errors. Since this case does not present a Federal question, we find the law in Indiana to be that where an appellant asks for a new trial by way of a motion for a new trial, he waives the former jeopardy of the prior trial and double jeopardy in event his request for a new trial is granted. It is the law in this state that he must take his new trial without qualification or conditions and he stands in the position, if the new trial is granted, as if he had not previously been tried, waiving all questions of former jeopardy. He takes it subject to the regular penalties fixed by the legislature, as in the original case, in event of a subsequent second conviction."

However, since the United States Supreme Court case above mentioned was handed down, that court has changed its opinion, holding the Federal constitutional prohibition applicable to the states' procedure.

In *Price* v. *Georgia* (1970), 398 U. S. 323, 90 S. C. 1757, 26 L. Ed. 2d 300, the United States Supreme Court held that on retrial, where the defendant was originally convicted

of a lesser included offense, the defendant may only be retried for the lesser included offense. In that case the defendant was tried for the offense of murder and found guilty of the lesser included crime of voluntary manslaughter. On retrial for the offense of murder, defendant was again found guilty of voluntary manslaughter. The Supreme Court also rejected the State of Georgia's argument that the retrial for murder was harmless error inasmuch as the conviction was for voluntary manslaughter, the same result as the first trial. The constitutional prohibition is against "putting" a party in jeopardy a second time. The Supreme Court rejected the argument on the basis that double jeopardy encompasses the *risk* of conviction. Also, the court questioned whether the murder charge influences the jury to find the defendant guilty of the lesser offense rather than to "continue to debate his innocence." The United States Supreme Court in effect holds the error was not harmless.

Regardless of our opinion as to the soundness of the Supreme Court's opinion in *Price* v. *Georgia, supra,* we must conform to the mandates of that court. Accordingly, we reverse and remand this case to the trial court.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 795.