STATE of Indiana, Appellant,

v.

Randy A. MERCER, Appellee.

No. 82A04–8603–CR–88.

Court of Appeals of Indiana,
Fourth District.

Dec. 11, 1986.

---

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Jeffery L. Lantz, Lantz, Shaw and Corbett, Evansville, for appellee.

MILLER, Judge.

This case comes to us from the Vanderburg Circuit Court. The State of Indiana appeals the dismissal on double jeopardy grounds of the first count of a two count information. Because we find the defendant's conviction on Count II constituted a conviction of a lesser included offense of the offense charged in Count I, we affirm the trial court's dismissal of Count I.

## FACTS

We are unable to set out the facts which gave rise to the charges against Mercer in any detail, since neither party presented us with a detailed statement of these facts. Apparently Mercer was employed by a liquor store. For some reason, he pulled a gun on a patron named John Keown. An argument ensued, and Mercer shot Keown in the face. The bullet glanced off Keown's teeth and lodged in his tongue.

The State brought a two count information against Mercer. Count I alleged, in relevant part:

"Randy A. Mercer ... did knowingly touch John Keown in a rude, insolent and angry manner, by shooting at and against the face of said John Keown with a certain handgun loaded with gunpowder and metal bullets, causing one (1) of said metal bullets to strike the said John Keown in the cheek, and did commit the crime of battery as aforesaid while armed with a certain deadly weapon, to-wit: a .38 caliber revolver, all in violation of I.C. 35–42–2–1." Record, p. 8.

Count II alleged, in relevant part:

"Randy A. Mercer ... did knowingly perform an act which created a substantial risk of bodily injury to John Keown, to-wit: pointing and discharging a .38 caliber handgun at the face of the said John Keown, which act was committed while the said Randy A. Mercer was armed with a certain deadly weapon, to-wit: a .38 caliber revolver...." Record, p. 9.

The jury convicted Mercer of criminal recklessness under Count II of the information, but was unable to reach a verdict on the battery allegation Mercer did not object to the jury's verdict before the court released the jury.

The court sentenced Mercer to two years in a work release halfway house program, placed him on probation for an additional two years, prohibited him from possessing a gun for four years, and ordered him to pay restitution. At the sentencing hearing, the State informed Mercer that it intended to seek a new trial on Count I of the information. Mercer made an oral motion to dismiss Count I; he later filed a written motion. The motion alleged a trial on Count I would violate the federal and Indiana constitutional provisions barring prosecution which place a defendant twice in jeopardy for the same acts.

The trial court dismissed Count I, finding that, on the facts of this case, criminal recklessness is a lesser included offense of battery; consequently, Mercer's conviction under Count II barred prosecution under Count I.

## DECISION

The State claims the trial court erred for three reasons when it dismissed Count I. First, the State claims Mercer waived his right to raise double jeopardy because he did not object to the jury verdict before the jury was discharged. The State also argues that double jeopardy will not bar a second trial where the first trial resulted in a hung jury. Finally, the State argues that criminal recklessness is not a lesser included offense of battery, and a conviction for criminal recklessness does not bar a conviction for battery.

### Issue I

■ We first consider the State's contention that Mercer waived his right to assert double jeopardy by failing to object to the verdict. In support of this contention, the State cites *Manns v. State* (1984), Ind.App., 459 N.E.2d 435. In *Manns*, the jury returned a defective guilty verdict. Though it was obvious that the verdict was defective, the defendant did not object to the discharge of the jury. He deprived the jury of the opportunity to correct its verdict by failing to object, and he then based his double jeopardy defense to the second trial on the defective first trial. Obviously, neither the state nor federal constitutional double jeopardy provisions were designed to allow a defendant, through his own failure to give the State notice of alleged error, to defeat the State's interest in the fair administration of justice.

In this case, the State was subjected to no potential prejudice because of Mercer's failure to object. The State had the same right as Mercer to object to the discharge of the jury. The State could have acted to preserve its right to prosecute Mercer on Count I by objecting to the discharge of the jury; in *Manns* there was nothing the

State could have done to prevent prejudice. Since Mercer's failure to object did not prejudice the State, we will not find this failure to object was a waiver of his privilege against double jeopardy.

### Issue II

■ The State states there is a general rule that a "hung jury operates to discharge the operation of double jeopardy and a new trial is not barred in such a situation." *Young v. State* (1985), Ind., 482 N.E.2d 246, 249. This is indisputably true where the jury is unable to reach a verdict on any of the crimes alleged, or the jury convicts or acquits the defendant of one criminal offense but is unable to reach a verdict in an unrelated offense.

While the State correctly states the rule we apply when judging a claim of double jeopardy based on a hung jury, that rule is irrelevant in this case. Mercer bases his double jeopardy claim *not* on the jury's failure to reach a verdict on the battery count, but on his conviction on the criminal recklessness count. The State's invocation of the *Young* rule is misguided, and the rule is of no application in this case.

### Issue III

■ The State finally argues that criminal recklessness is not a lesser included offense of battery, and that Mercer's conviction under Count II does not bar a retrial on Count I. Double jeopardy can act to bar two trials for separate offenses arising out of the same incident, but only where each offense does not require proof of at least one fact not required by the other. *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Linder v. State* (1985), Ind., 485 N.E.2d 73.

The State bases its argument on the wording of the battery and criminal recklessness statutes. IND.CODE 35–42–2–1 provides:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a

class B misdemeanor. However, the offense is:

\* \* \* \* \* \*

(3) A class C felony if it results in serious bodily injury to any other person or if committed by means of a deadly weapon."

I.C. 35–42–2–2(a) sets forth the elements of criminal recklessness charged here:[1]

"(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another commits criminal recklessness, a class B misdemeanor. However, the offense is a:

\* \* \* \* \* \*

(2) class D felony if it is committed while armed with a deadly weapon."

The Class C felony battery statute, the State asserts, required proof that Mercer: (1) knowingly, (2) touched the victim, (3) in a rude, insolent, or angry manner while (4) armed with a deadly weapon. The criminal recklessness statute required proof that Mercer: (1) knowingly, (2) performed an act that created a substantial risk of bodily injury, (3) while armed with a deadly weapon.

In the State's view, the battery charge required proof of a touching, which it identifies as the bullet striking John Keown's cheek. The criminal recklessness charge required proof of substantial risk of bodily injury, and the State argues it did not allege serious bodily injury as one of the elements of the battery. Thus, each offense required an element of proof not common to the other offense and there was no double jeopardy. In support of its position, the State cites *Mahone v. State* (1981), Ind.App., 429 N.E.2d 261, which it claims held criminal recklessness not to be a lesser included offense of battery.

Mercer admits *Mahone* held that criminal recklessness is not inherently a lesser included offense of battery, but he argues that, depending on the wording of the information or indictment, criminal recklessness can be an element of battery. Mercer is correct. Judge Staton, who authored the *Mahone* opinion, had written in an earlier opinion:

"it is evidence that criminal recklessness constitutes a lesser included offense of battery *in this case. Under the facts stated in the charging instrument*, every essential element of the lesser offense (criminal recklessness) would have been committed during the course of the charged crime (battery), and each essential element of criminal recklessness as defined in I.C. 35–42–2–2(b) constitutes an element of battery, as charged as a class C felony."

*Johnson v. State* (1981), Ind.App., 426 N.E.2d 91 (emphasis added).[2]

The *Johnson* court reiterated the inquiry we use to determine whether one offense is included within another. The court must engage in an examination of:

"the criminal statutes which define the greater and lesser of offenses, together with the allegations of fact contained in the charging instrument. *Lawrence v. State supra* [ (1978), Ind., 375 N.E.2d 208]. From this examination, the court determines whether a conviction of the greater offense, as it is charged in the indictment or information, requires proof of all essential elements of the lesser offense, plus an additional element which distinguishes the two offenses."

*Johnson, supra* (quoting *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098).

The rule distilled from *Johnson* and *Roddy* requires us to carefully examine the

---

1. Subsection (b) of the statute defines another type of criminal recklessness as follows:
   "A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony. However, the offense is a Class C felony if committed by means of a deadly weapon." I.C. 35–42–2–2(b).

2. In this case, Mercer asserts his conviction for recklessness under I.C. 35–42–2–2(a) bars retrial for battery. Although this is a different subsection of the recklessness statute than the one at issue in *Johnson*—as noted in footnote 1 *Johnson* involved I.C. 35–42–2–2 subsection (b) —the *Johnson* analysis is applicable here.

language of the charging instrument to determine exactly what is required to prove each element of the greater and lesser offenses. *Mahone* provides a helpful illustration of the relevant inquiry. In *Mahone*, the charging instrument alleged that Mahone knowingly or intentionally, touched the victim in a rude, angry, or insolent manner, by means of a deadly weapon. There were no specific allegations that Mahone created a substantial risk of bodily injury to the victim or that he in fact caused injury to the victim. *Mahone, supra* at 263. The court noted that the State did not have to prove Mahone injured another or created a substantial risk of injury to another, because the charging instrument merely alleged Mahone touched another with a gun. Since the State did not have to prove the gun was loaded, and since one may touch another with an unloaded gun in a manner which does not cause injury or create the risk of injury, the State did not have to prove criminal recklessness to prove battery.

In reaching his decision in *Mahone*, Judge Staton reasoned:

"It must therefore be determined whether the *charging instrument* alleges the commission of the lesser offense of recklessness *by virtue of the manner and means* allegedly employed by Mahone in the commission of the charged offense, battery." *Mahone, supra* at 263. (emphasis added.)

The court did not find it significant that the State proved bodily injury; Judge Staton stated:

"The fact that the State did prove bodily injury does not alter the fact that recklessness was not 'included' within the allegations of battery contained in the charging instrument." *Id.* at 264.

Mercer, in this case, argues an examination of Counts I and II of the information clearly establish criminal recklessness to be

a lesser included offense as the crimes were charged. Mercer and the State agree that both crimes require proof of knowledge. They also agree that both crimes also require proof that Mercer was armed with a deadly weapon.

The State, as we noted earlier, argues that it was required to proved Mercer touched Keown in a rude, insolent, and angry manner to establish battery, but that it did not have to prove these elements to establish criminal recklessness. The State asserts that, as charged, the touching element was proved by showing a bullet struck Keown. Finally, the State asserts that it did not allege Mercer caused injury or risk of injury to Keown in the battery count. Thus, in the State's view, the battery count of the information required proof of a rude, insolent, and angry touching which the criminal recklessness count did not, and the criminal recklessness count required proof of injury or risk of injury which the battery count did not.

The State's argument is flawed because the State does not acknowledge the entire language of Count I, which states, in relevant part, Mercer "did knowingly touch John Keown ... by *shooting at and against the face of said John Keown ... causing one (1) of said metal bullets to strike the said John Keown in the cheek* ...." (emphasis added.) The State, in order to prove a battery under this language, did not only have to prove a bullet touched Keown; the State had to prove Mercer caused a bullet to touch Keown by firing a gun at him. Obviously, the act of firing a gun at someone is an act which causes risk of bodily injury. Thus, in proving the touching element of battery, as charged, the State had to prove the bodily injury element of criminal recklessness.[3]

Thus, while the State may have had to prove additional facts to establish battery,

---

**3.** The language of Count II of the information further convinces us that criminal recklessness is a lesser included offense here. Count II of the information alleged Mercer created a risk of bodily injury by "pointing and discharging a .38 caliber handgun at the fact of said John Keown." The State, we reiterate, alleged Mercer touched Keown by "shooting at and against the face of the said John Keown." Both elements were proved by proving the same operative fact.

it had to prove no fact not necessary to battery to prove criminal recklessness. We hold criminal recklessness to be a lesser included offense of battery *in this case.* Because Mercer's conviction on a lesser included offense bars his trial on battery under the double jeopardy provisions of both the federal and state constitutions, we affirm the ruling of the Vanderburg Circuit Court dismissing Count I of the information.

Affirmed.

CONOVER, P.J., and YOUNG, J., concur.