Kevin L. **REDMAN**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee.

No. 52A02–9603–CR–162.

Court of Appeals of Indiana.

May 6, 1997.

Transfer Denied July 16, 1997.

Eugene C. Hollander, Indianapolis, for Appellant–Defendant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

The appellant, Kevin L. Redman (Redman) brings this interlocutory appeal challenging the trial court's order denying his motion to dismiss and his motion objecting to retrial of the attempted murder count.

The sole issue for review is whether the trial court erred in denying Redman's aforementioned motions in the context of double jeopardy considerations.

The facts of this case are undisputed and are as follows: On September 14 of 1992, a jury found Redman guilty of attempted murder, aggravated battery and carrying a handgun without a license. The trial court issued a sentencing order on November 11, 1992. In that sentencing order, the trial court sentenced Redman to 45 years on the attempted murder conviction. Furthermore, the trial court imposed a three-year sentence for the conviction of carrying a handgun without a license. However, the court found that "the conviction of Aggravated Battery merges with the conviction of Attempted Murder" and did not impose a sentence upon that conviction. Record at 78.

Redman appealed his convictions to this court. In an unpublished opinion, we agreed with Redman's contention that the jury instruction upon the attempted murder charge was improper and reversed the decision of the trial court. We further affirmed Redman's conviction on the aggravated battery charge and remanded with instructions to the trial court to either sentence Redman upon the aggravated battery conviction or conduct a new trial upon the attempted murder

charge, "as dictated by the State's desire to reprosecute for attempted murder." Slip Op. at 7, *Redman v. State*, No. 52A02–9303–CR–116, 630 N.E.2d 241 (February 21, 1994).

After remand, Redman filed a motion with the trial court urging it dismiss the attempted murder charge and objecting to a retrial. The trial court denied defendant's motion, and it is from this denial that the defendant now appeals.

■ Redman claims that a second prosecution against him for the attempted murder charge is in violation of the principle of double jeopardy. Although we are impressed with the surface appeal of this argument, we must disagree.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution reads, in part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.[1] These twenty words generally mean that a defendant may not receive multiple punishments for the same offense, may not be retried for an offense once acquitted and may not be retried for an offense once convicted. *North Carolina v. Pearce* (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. One example of the principle is that defendants may not also be found guilty of included offenses. For example, a defendant charged with murder may not also be convicted of battery if it arises out of the same conduct. *E.g., Derado v. State* (1993) Ind., 622 N.E.2d 181 (double jeopardy considered in the context of jury instructions). Neither can the defendant in the present case be convicted of both attempted murder and aggravated battery when the two offenses are based upon one act—pulling the trigger.

A defendant may, however, be charged with two crimes at the same time even if those crimes arose out of a single offense and would violate double jeopardy. *Thompson v. State* (1972) 259 Ind. 587, 290 N.E.2d 724. Double jeopardy considerations are not violated by the charges themselves. The defendant is only subject to one judicial proceeding and, so long as there is a conviction upon but one of the charges, the defendant will not face multiple punishments.

While the double jeopardy principle of protection from multiple punishments is implicated above, the much less-invoked protection against multiple trials is also an issue. This principle most frequently involves the included offense doctrine. The logic behind the doctrine is that if one crime is an included offense of a second crime, then the crime is the same 'offense' for double jeopardy purposes. Therefore, if one is tried and acquitted of an included offense, the state is thereby precluded from trying him at a later time on the greater offense. Also, if the defendant is tried and convicted of the included offense, the state is precluded from later trying him on the greater offense. The same holds true if the first offense tried is the greater. *See, Brown v. Ohio* (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Jeffers v. U.S.* (1977) 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168.

As mentioned, one of the most basic propositions of double jeopardy considerations is that after a trial, the state may not reprosecute the defendant for the same offense. However, a problem arises when the trial is conducted and the decision of the trial court is reversed upon appeal. Historically, upon reversal, a defendant could not assert double jeopardy as a bar to a new trial. "[O]nce a court has vacated the conviction of an accused to grant a new trial, that person is placed in a position as if he had never been tried upon that charge at all." *Moore v. State* (1995) Ind.App., 653 N.E.2d 1010, 1019, *trans. denied,* (citing *Causey v. State* (1971) 256 Ind. 19, 266 N.E.2d 795). However, when an appellate court reverses for insufficient evidence, retrial is barred. *Id.*

In *Burks v. United States* (1978) 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, the Supreme Court pointed out the difference between a reversal for sufficiency and a reversal for procedural error. When it comes to trial error, the reversal says nothing about the innocence or guilt of the defendant. While

---

1.  Redman does not assert a separate and distinct double jeopardy argument pursuant to Article I, Section 14 of the Indiana Constitution.

reversal for insufficiency says that the government has failed to prove its case, reversal for trial error does not. *Id.; See also, Warner v. State* (1991) Ind., 579 N.E.2d 1307, 1311. The *Burks* Court said that the most reasonable justification for allowing retrial upon trial error is that: " '[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' " *Burks, supra,* 437 U.S. at 15, 98 S.Ct. at 2149 (citation omitted).

■ The problem arising in this case involves a combination of the principles described above. Here there are two convictions, one is reversed because of procedural error, and the defendant asserts that the remaining conviction acts as a bar to the subsequent reprosecution of the reversed conviction. As mentioned above, oftentimes greater and included offenses are tried under the same indictment or information. *Thompson, supra,* 290 N.E.2d at 724. However, trial courts often enter convictions upon both offenses yet sentence only upon one or "merge"[2] the two convictions. *See Mason v. State* (1989) Ind., 532 N.E.2d 1169, *cert. denied* 490 U.S. 1049, 109 S.Ct. 1960, 104 L.Ed.2d 428. In fact, this court has in the past expressed its understanding as to why the trial court might reasonably fail to vacate the conviction upon the included offense:

> We acknowledge that a trial court might understandably prefer not to vacate a conviction of a lesser offense in light of a conviction on the greater offense if there is any likelihood of an appellate reversal of the greater conviction. If, in such instance, there was no conviction of record on the lesser offense, quite obviously such conviction could not be affirmed. While the appellate forum, in reversing the greater conviction, might remand, giving authority to the trial court to enter a conviction upon the lesser offense, trial courts are not required to be so clairvoyant as to anticipate that prospect.

*Abron v. State* (1992) Ind.App., 591 N.E.2d 634, 637, *trans. denied.* There we left in place a cocaine dealing conviction but remanded the case to the trial court with instructions to vacate the conviction on the included offense of possession.

The case upon which Redman relies, *Buie v. State* (1994) Ind., 633 N.E.2d 250, *reh'g denied,* is highly analogous to the case at hand. In *Buie,* the defendant was convicted of, among other things, murder and conspiracy to commit murder. On appeal, our Supreme Court reversed the murder conviction because of a defective jury instruction. The court then turned to a double jeopardy analysis.

The conspiracy offense required that the defendant agree to commit a felony and engage in some overt act toward committing that felony. *Buie* pointed out that "where the overt act element of a conspiracy charge is the underlying offense, convictions and sentences for both would constitute multiple punishments for the same offense," thus violating double jeopardy. *Id.* at 261. The court further noted that if the State has obtained a conviction for conspiracy based upon the underlying offense, "the State may not subsequently pursue a prosecution for the underlying offense." *Id.* The court held that a subsequent prosecution for the reversed murder charge was barred by double jeopardy.

*Buie* concluded that the murder, which was an included offense of the conspiracy as charged, could not be retried because of the preexisting conviction on conspiracy, the greater offense. In *Moore, supra,* 653 N.E.2d at 1010, this court dealt with the question before us here—whether the defendant can be retried upon the greater charge after an appellate reversal while a conviction upon the included charge remains. In *Moore,* we concluded that the defendant could. We noted that "*Buie* does not address whether a greater offense may be re-

---

2. The term "merger" is often used to describe the determination to forego sentencing with regard to an included offense in light of a conviction upon a greater offense. It may also be used to indicate that one conviction must be vacated as subsumed within another conviction. However, use of a "merger" solution in a particular instance may not avoid double jeopardy prohibitions.

prosecuted after reversal when a conviction upon an included offense remains in place." *Id.* at 1020. We also noted that, in the event of a conviction upon the greater charge, the conviction upon the included offense must be vacated, thereby alleviating the double jeopardy problem. *Id.*

Upon reflection, it appears that we only concerned ourselves in *Moore* with the double jeopardy prohibition against multiple punishments; therefore, if a second conviction was entered, the first must be vacated. That solution, however, does not alleviate the problem inherent in trying a defendant for a second time for an offense upon which a conviction (or an acquittal) has been obtained.

As mentioned above, it makes no difference whether the defendant is first tried for the greater offense and then the included offense or vice versa. Therefore, if *Buie* would bar a retrial for the included offense while the greater conviction remains in place, *Buie* necessarily bars a retrial for the greater offense while a conviction for the included remains in place. The Supreme Court, in *Illinois v. Vitale* (1980) 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, examined a situation in which the defendant had killed two children as a result of an automobile accident. The defendant was first charged, convicted and sentenced to pay a $15 fine for a failure to reduce speed. The State subsequently wanted to try the defendant for involuntary manslaughter. Although the Court allowed a retrial because it was not clear that the failure to reduce speed was indeed an included offense as charged, it noted that "if in the pending manslaughter prosecution Illinois relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, Vitale would have a substantial claim of double jeopardy...." *Id.* at 421, 100 S.Ct. at 2267.

In the present case, Redman has been tried and convicted of the included offense—aggravated battery. It would appear at first blush that if the battery conviction remains, he cannot be retried for the attempted murder.

It does appear, however, that double jeopardy will not always bar a prosecution for an offense while a valid conviction on the 'same' offense remains in place. In *Ohio v. Johnson* (1984) 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, *reh'g denied,* the defendant was charged with multiple counts ranging from murder to grand theft. He offered to plead guilty to the charges of involuntary manslaughter and aggravated robbery, but not to the greater offenses. The trial judge accepted the plea over the objection of the State and then entered convictions against Johnson. The trial court then proceeded to bar the State from further prosecution on Double Jeopardy grounds. The Supreme Court reversed.

The Supreme Court agreed that Double Jeopardy precludes subsequent prosecution of a defendant for the greater offense when he has been tried and convicted (or acquitted) of the included offense. The Court, however, reasoned that principles of finality and prevention of prosecutorial overreaching did not apply. It said that the defendant had no Double Jeopardy exposure.

> "[Defendant] has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses."

*Id.,* at 501–02, 104 S.Ct. at 2542. The Court said that the defendant "should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502, 104 S.Ct. at 2542. The Court generally concluded that "[n]o interest of [defendant] protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment." *Id.* at 501, 104 S.Ct. at 2542;

*see also, Jeffers, supra,* 432 U.S. at 137, 97 S.Ct. at 2209 (the Court concluded that, because the defendant requested separate trials on greater and included offenses, double jeopardy was not offended and that the situation was similar to a retrial after appeal).

The United States Constitution does not necessarily forbid the retrial of a greater offense following appeal while the lesser conviction remains in place. "[S]uccessive prosecution on a greater offense may be permitted where justified by the public interest in law enforcement and the absence of prosecutorial overreaching." *Garrett v. U.S.* (1985) 471 U.S. 773, 796, 105 S.Ct. 2407, 2420, 85 L.Ed.2d 764 (O'Connor, J., concurring). Similar to the aforementioned scenarios, no double jeopardy interest of Redman is offended by the retrial contemplated here. Therefore, this also constitutes an exception to the principle that a previous conviction on an included offense will bar, because of double jeopardy, a subsequent retrial on the greater offense. The conviction on the included offense here does *not* carry with it the implied acquittal of the greater offense which a simple conviction on the included offense usually does. In fact, Redman was convicted of the greater offense. It would be a miscarriage of justice to allow Redman to successfully appeal his attempted murder conviction and then forbid the State from pursuing a new trial simply because, inherent in the conviction for attempted battery, the State had *succeeded* in proving some of the elements of the attempted murder. *See id.* (O'Connor, J., concurring)("Decisions by this Court have consistently recognized that the finality guaranteed by the Double Jeopardy Clause is not absolute, but instead must accommodate the societal interest in prosecuting and convicting those who violate the law." (citations omitted)).

■ Although we have concluded that we are not authorizing a trial in violation of the Federal Constitution in this situation, we find ourselves struggling to bring our decision within the confines of *Buie.* Regardless of our interpretation of the Federal Constitution, until the Indiana Supreme Court sees fit to revisit its precedent in *Buie,* it remains the law in Indiana that a defendant may not be retried on a greater offense, after reversal, while a conviction on the included offense remains in place.

In his original trial, Redman was convicted of attempted murder and aggravated battery. In its sentencing order, the trial court said:

> The Court now sentences the Defendant to the Department of Corrections for a period of forty-five years on the charge of Attempted Murder. The Court finds that the conviction of Aggravated Battery merges with the conviction of Attempted Murder and the Court will not impose a sentence on the conviction of Aggravated Battery.

Record at 78. On appeal, this court affirmed the conviction upon the aggravated battery charge and remanded for a new trial upon the attempted murder charge or sentencing upon the aggravated battery. Upon reconsideration, we conclude that this was not the appropriate disposition of the case.

In Redman's initial appeal, we did not address the effect of the trial court's "merger" of the charges. In *Mason, supra,* 532 N.E.2d at 1169, the trial court had convicted the defendant of dealing in a narcotic drug and possession of a narcotic drug. The trial court sentenced the defendant to 50 years upon the first count and eight years upon the second count, but the trial court "merged" the two sentences. *Id.* at 1170.

In reviewing the procedure employed in the trial court, our Supreme Court noted that "merger" was inappropriate. " 'Where the conviction of a greater crime cannot be had without conviction of the lesser crime, the double jeopardy clause bars separate conviction and sentencing on the lesser crime when sentencing is imposed on the greater one.' " *Id.* at 1172 (quoting *Boze v. State* (1987) Ind., 514 N.E.2d 275, 277). The court remanded the cause to the trial court for a new sentencing order including an order vacating the lesser conviction and sentence. *See also, Curry v. State* (1994) Ind.App., 643 N.E.2d 963, *trans. denied* (proper remedy is to remand to the trial court to vacate lesser conviction and sentence).

One may assert that the above cases are distinguishable from the present case be-

cause here the trial court, while convicting, did not enter a sentence upon the lesser count, but sentenced only upon the greater count. We addressed this issue in *Abron, supra,* 591 N.E.2d 634. In interpreting *Mason, supra,* 532 N.E.2d 1169, we noted that Abron had not been convicted and sentenced upon both counts. However, we noted that in *Mason,* our Supreme Court had remanded to the trial court to vacate the sentence *and conviction* upon the included offense. Therefore, *Mason* accepts that a conviction even without a sentence is in violation of double jeopardy and must be vacated. *Abron, supra* at 636–37.

It now appears that the trial court's original decision in the present case, "merging" the two offenses, was inappropriate. The proper thing for the trial court to have done was to vacate the conviction upon the included offense and enter a conviction and sentence only upon the greater offense. Likewise, this court, in reviewing the trial court's order perhaps should have had the foresighted intuition to recognize the trial court's error and remand to the trial court for an order vacating the conviction on the included offense.[3] The fact that the greater offense was reversed should be of no moment. The entry of conviction upon the included offense, in light of a conviction on the greater offense, was invalid.[4]

In light of our discussion, we recognize that the trial court's proper procedure is to vacate the conviction of the included offense. However, we reiterate the views contained in *Abron, supra,* 591 N.E.2d at 637. This "proper" procedure will place the trial courts of this state in the difficult position of vacating a lesser conviction when there is a possibility that the greater conviction will subse-quently be reversed upon sufficiency grounds. In such event, a defendant will not be punished for any offense. Again, we acknowledge that a trial court will understandably fail to vacate the lesser conviction thus placing the burden upon this court to proceed as we have done herein.[5]

In conclusion, double jeopardy, under the United States Constitution does not, *per se,* bar a retrial of Redman upon the greater offense of attempted murder. Our Supreme Court, however, has said that such a retrial would be forbidden because of the preexisting conviction on the aggravated battery charge. Our Supreme Court has also said that, when a trial court convicts a defendant of two offenses that are the "same" for double jeopardy purposes, we must remand to the trial court to vacate the lesser conviction. Therefore, Redman's conviction for aggravated battery should have been vacated upon the original remand.

We therefore affirm the decision of the trial court allowing the State to reprosecute the defendant for the attempted murder charge[6] and remand to the trial court to vacate the conviction upon the charge of aggravated battery and for further proceedings not inconsistent with this opinion.

FRIEDLANDER and KIRSCH, JJ., concur.

---

3. A careful examination of the briefs in the original appeal reveals that Redman failed to raise the issue of double jeopardy.

4. We note that if the greater offense is reversed for insufficiency of the evidence, this court need not require that the trial court vacate the conviction on the lesser offense because there is actually a failure of the State to prove its case, therefore resulting in an appellate acquittal upon the greater offense. With an acquittal on the greater offense and a conviction on the lesser, there is no double jeopardy conflict.

5. Of course, we recognize the possibility that our Supreme Court might choose to revisit *Buie v. State* (1994) Ind., 633 N.E.2d 250, and to reexamine the now apparent double jeopardy problems inherent in greater-included offense convictions and permissible retrials following appellate reversal.

6. And, therefore, the lesser included offense of aggravated battery.