**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**William H. KLINGER, Appellee–Defendant.**

**No. 79A02–9708–CR–573.**

Court of Appeals of Indiana.

July 24, 1998.

Transfer Denied Sept. 30, 1998.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

1. IND. CODE § 35–41–5–1; IND. CODE § 35–42–1–1.

2. IND. CODE § 35–47–4–3.

3. Although not relevant to this appeal, Klinger was also charged with two additional counts of

Steven P. Meyer, Rosenthal, Greives, O'Bryan & Meyer, Lafayette, for Appellee–Defendant.

## OPINION

BAKER, Judge.

We are asked to decide whether double jeopardy principles prohibit the State from retrying a defendant on a charge after the jury deadlocked on that charge but convicted the defendant on a lesser-included charge in the same prosecution. Appellant-plaintiff State of Indiana appeals the trial court's grant of appellee-defendant William H. Klinger's motion to dismiss his prosecution for Attempted Murder,[1] a Class A felony, following a conviction and sentence for Pointing a Firearm,[2] a Class D felony.

### FACTS

On August 6, 1996, Klinger was involved in an automobile accident in Lafayette. When law enforcement officers arrived at the scene, Klinger immediately drove away and began leading the police on a chase through town. When the police were finally able to stop Klinger, he exited his vehicle and fired shots from a .22 caliber handgun at several individuals, including Lafayette police officer Jeff Clark. Klinger was arrested and charged with attempted murder and pointing a handgun at Officer Clark.[3] The information charging Klinger with these two offenses provided in relevant part as follows:

> On or about August 6, 1996, in Tippecanoe County, State of Indiana, William H. Klinger, did knowingly and intentionally attempt to commit the crime of murder by engaging in conduct, to wit: discharging a handgun at Officer Jeff Clark which constituted a substantial step towards the commission of the crime of murder . . .

Record at 10.

> On or about August 6, 1996, in Tippecanoe County, State of Indiana, William H. Klinger did knowingly and intentionally

attempted murder, three counts of pointing a firearm, two counts of Criminal Recklessness under IND. CODE § 35–42–2–2 and one count of Leaving the Scene Of an Accident pursuant to IND. CODE § 9–26–1–2.

point a firearm at another person, to wit: Officer Jeff Clark ...

R. at 13. Following a jury trial which commenced on January 28, 1997, the jury found Klinger guilty of pointing a firearm but was unable to reach a verdict on the attempted murder charge. Thereafter, the trial court scheduled the attempted murder charge for retrial. In response, Klinger filed a motion to dismiss, alleging that a retrial on that offense would violate double jeopardy principles because pointing a firearm is a lesser included offense of attempted murder and a conviction on that offense barred a retrial on the greater offense of attempted murder. Following a hearing on April 24, 1997, the trial court granted Klinger's motion to dismiss. The State now appeals.

## DISCUSSION AND DECISION

The State claims that the trial court erroneously determined that double jeopardy principles prohibit Klinger from being retried for attempted murder because jeopardy never terminated as to that offense. Specifically, the State contends that a jury which hangs on a charge is not equivalent to a jury which acquits and, therefore, the jeopardy which attaches to the charge on which the jury is deadlocked merely continues to the second trial.

■ The Double Jeopardy clause affords a defendant protection against three specific harms: (1) reprosecution for the same offense after acquittal; (2) reprosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Grinstead v. State*, 684 N.E.2d 482, 485 (Ind.1997). The defense of double jeopardy may not be used "as a sword to prevent the State from completing its prosecution." *Redman v. State*, 679 N.E.2d 927, 930 (Ind. Ct.App.1997), *trans. denied.* Moreover, the United States Supreme Court has recognized that double jeopardy protects a criminal defendant against a retrial "only if there has been some event, such as an acquittal, that terminates the original jeopardy." *Richardson v. U.S.*, 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). The failure of the jury to reach a verdict is not an event which terminates jeopardy. *Id.*

■ In the instant case, the trial court granted Klinger's motion to dismiss on double jeopardy principles, relying in part on this court's holding in *State v. Mercer*, 500 N.E.2d 1278 (Ind.Ct.App.1986). R. at 132–34. In *Mercer*, the defendant was charged with battery and the lesser included offense of criminal recklessness. *Id.* at 1279. The jury ultimately convicted Mercer of criminal recklessness but was unable to reach a verdict on the battery charge. *Id.* On appeal, another panel of this court held that Mercer could not be retried on the battery charge, concluding that the conviction on the lesser included offense of criminal recklessness barred a reprosecution on the greater offense of battery under double jeopardy principles. *Id.* at 1283.

We initially note that the result reached in *Mercer* appears inconsistent with that reached in *Redman.* In that case, the defendant was convicted of attempted murder and the lesser included offense of aggravated battery. *Redman*, 679 N.E.2d at 927. On appeal, this court reversed the attempted murder conviction because an improper instruction had been given at trial. However, we affirmed the conviction for aggravated battery. *Id.* When the State sought to retry Redman on the attempted murder charge, he moved to dismiss the charge, claiming that double jeopardy principles barred a retrial on that offense. This court disagreed, holding that "no double jeopardy interest of [the defendant] is offended by the retrial contemplated here" because the jury did not explicitly or implicitly acquit Redman of the attempted murder charge. *Id.* at 931.

■ As in *Redman*, at least one case decided by the United States Supreme Court has determined that a retrial following a hung jury does not violate double jeopardy principles. In *Richardson*, the Government charged the defendant with two counts of distributing a controlled substance and one count of conspiracy to distribute a controlled substance in violation of federal narcotics laws. *Richardson*, 468 U.S. at 318, 104 S.Ct. 3081. The jury acquitted Richardson of one of the substantive counts but was unable to reach a verdict on the remaining two

charges. *Id.* As a result, the trial court declared a mistrial as to those counts and scheduled a retrial. *Id.* at 319, 104 S.Ct. 3081. Richardson subsequently moved to dismiss the charges, arguing that double jeopardy principles barred a retrial on those two counts. The supreme court rejected Richardson's argument and held that the original jeopardy simply continued and never terminated so as to give rise even to the possibility of double jeopardy. Specifically, the *Richardson* court made the following observation:

> [W]e have constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause. *Logan v. United States,* 144 U.S. 263, 297–298, 12 S.Ct. 617, 627–628, 36 L.Ed. 429 (1892). Explaining our reasons for this conclusion in *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), we said:
>
>> [W]ithout exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial. This rule accords recognition to society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws. *Id.,* at 509, 98 S.Ct., at 832.

*Richardson,* 468 U.S. at 324, 104 S.Ct. 3081. The court went on to conclude that:

> We reaffirm the proposition that a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree.

*Id.* at 326, 104 S.Ct. 3081; *see also U.S. v. Bordeaux,* 121 F.3d 1187, 1193 (8th Cir.1997) (jury's finding of guilty on lesser included offense but deadlock on greater offense did not constitute an implied acquittal of greater offense and did not preclude a retrial on that offense). We agree with the rationales set forth in both *Richardson* and *Redman* and hold that once a jury is unable to reach a verdict on a greater offense and the trial court declares a mistrial, the jury's inability to reach a verdict is not the equivalent of an acquittal and does not prevent a retrial on that charge.

Applying those rationales to the instant case, we find that although the jeopardy which attached to the offense of pointing a handgun terminated when the jury returned a guilty verdict, the jeopardy which attached to the attempted murder charge, albeit interrupted in its course, never terminated. Klinger's conviction on the charge of pointing a firearm simply does not preclude the State from retrying him on the attempted murder charge. Rather, a subsequent trial on the greater offense will do no more than permit the State to take an additional step in a continuous prosecution that has not yet been completed. As a result, the trial court erred in granting Klinger's motion to dismiss.

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

KIRSCH, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I concur because the substantial step alleged in the attempted murder information was the discharge of a handgun at Officer Clark. Pointing the handgun was not the substantial step as included within the greater offense as charged. Were it otherwise, I would hold that, although retrial on the attempted murder charge is not barred by double jeopardy considerations, the "pointing" conviction would have to be vacated in order to permit retrial upon the greater offense of attempted murder. *Redman v. State* (1997) Ind.App., 679 N.E.2d 927.