Ronnie **DAVENPORT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9911–CR–764.

Court of Appeals of Indiana.

Aug. 28, 2000.

Kenneth T. Roberts, Roberts & Bishop, Indianapolis, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Ronnie Davenport was charged with Dealing in Cocaine as a Class A felony and Possession of Cocaine as a Class C felony.[1] A jury found Davenport guilty of the possession charge but was unable to reach a verdict on the dealing charge. The State subsequently retried Davenport on the dealing charge, over his objection and motion to dismiss. On retrial, the jury found him guilty of dealing in cocaine. Davenport appeals, presenting the following issue for our review:

> Whether the State's retrial of Davenport was in violation of double jeopardy principles.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On September 24, 1997, two confidential informants working for the United States Department of Agriculture on a food stamp fraud investigation met with Davenport at a pub in Indianapolis. The confidential informants were. wired with transmitters and recording devices. In previous encounters with the informants, Davenport had received approximately $250,000.00 worth of stolen food stamps in exchange for explosives and firearms. On this particular date, however, he gave the informants $2,540.00 and over five grams of cocaine in exchange for the food stamps.

The State charged Davenport with multiple counts, including one count of dealing in cocaine and one count of possession of cocaine. Following his trial, the jury found Davenport guilty of the possession count but was hung on the dealing count. The trial court entered conviction and sentence on the possession count. The State subsequently retried Davenport on the dealing count, over his objection that retrial would subject him to double jeopardy and his motion to dismiss the charge. The trial court denied his motion and proceeded with the second trial. On retrial, the jury found Davenport guilty of the dealing count. The trial court vacated his conviction for possession of cocaine and convicted and sentenced him to twenty years for dealing in cocaine. He now appeals.

### DISCUSSION AND DECISION

Davenport contends that the State's retrial of him on the dealing charge "violated double jeopardy." Brief of Appellant at 15. In so doing, he fails to develop a cogent argument or even cite to the relevant federal or state constitutional provision he believes was violated. Failure to put forth a cogent argument acts as waiver of the issue on appeal. *Shane v. State*, 716 N.E.2d 391, 398 n. 3 (Ind.1999);

---

1. Although not relevant to this appeal, Davenport was also charged with one count of Conspiracy to Commit Dealing in Cocaine, a Class A felony; Conspiracy to Commit Welfare Fraud, a Class C felony; and Welfare Fraud, a Class C felony. The jury found Davenport not guilty of the conspiracy to commit dealing charge and guilty of the two welfare fraud related charges.

Ind. Appellate Rule 8.3(A)(7). Waiver notwithstanding, we conclude that under the Double Jeopardy Clause of the United States Constitution,[2] the jury's determination of guilt on the possession charge but deadlock on the dealing charge did not preclude the State from retrying Davenport for that offense.

■ The federal Double Jeopardy Clause provides that no person "shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This provision yields three specific protections:

(1) protection from reprosecution for the same offense after an acquittal; (2) protection from reprosecution for the same offense after conviction; and (3) protection from multiple punishments for the same offense.

*Taflinger v. State,* 698 N.E.2d 325, 326 (Ind.Ct.App.1998).

■ Possession of cocaine is an inherently lesser included offense of dealing in cocaine, because it is impossible to commit the greater offense without committing the lesser offense. *Abron v. State,* 591 N.E.2d 634, 636 (Ind.Ct.App.1992), *trans. denied;* IND.CODE § 35–48–4–6 (possession); IND. CODE § 35–48–4–1 (dealing).[3] A greater offense is therefore the "same" for purposes of double jeopardy as any lesser offense included in it. *Brown v. Ohio,* 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). It is well settled that a defendant may be charged and tried with a greater and lesser included offense simultaneously, as double jeopardy considerations are not violated by the charges themselves. *Redman v. State,* 679 N.E.2d 927, 928 (Ind.Ct.App.1997), *trans. denied.* "The defendant is only subject to one judicial proceeding and, so long as there is a conviction upon but one of the charges, the defendant will not face multiple punishments." *Id.; Taflinger,* 698 N.E.2d at 327 (observing that where defendant is found guilty of both greater and lesser included offense, proper procedure is to vacate conviction of included offense and impose sentence only on greater offense).

Here, Davenport did not receive multiple punishments for the same offense, but rather, was subjected to multiple prosecutions for the same offense. It is with these successive prosecutions that he claims constitutional error. In *Brown v. Ohio,* the United States Supreme Court held that a defendant who has been tried and convicted of a lesser included offense cannot be subsequently tried in a separate prosecution for the greater offense without violating double jeopardy principles. 432 U.S. at 166, 97 S.Ct. 2221. "The [Supreme] Court, however, clearly limited the application of this holding to separate prosecutions, stating that '[w]e are not concerned here with the double jeopardy questions that may arise when a defendant is retried on the same charge after a mistrial[.]' "[4] *Griffin v. State,* 717 N.E.2d 73, 80 (Ind.1999) (quoting *Brown,* 432 U.S. at 165 n. 5, 97 S.Ct. 2221), *petition for cert.*

---

2. Absent a clear invocation of a violation of rights under the Indiana Constitution and cogent supporting argument, we will assume that defendant raises only a claim under the United States Constitution and will analyze that claim as we would a federal constitutional claim. *See Smith v. State,* 689 N.E.2d 1238, 1240 n. 3 (Ind.1997).

3. The State's charging information reads in relevant part as follows:
   [Davenport] . . ., on or about September 24, 1997, did knowingly deliver to [the confidential informant] a controlled substance, that is: cocaine, in an amount greater than three (3) grams[.]

[Davenport] . . ., on or about September 24, 1997, did knowingly possess a controlled substance, that is: cocaine, in an amount greater than three (3) grams[.]
Record at 39–40.

4. The trial court in the instant case did not declare a mistrial when the jury was unable to reach a verdict. The use of the term "mistrial" in the context of continuing jeopardy, nevertheless, contemplates a mistrial caused by a deadlocked or hung jury, which is what occurred here. *See Griffin,* 717 N.E.2d at 78–79.

*filed* (U.S. February 22, 2000) (No. 99–9154). In other words, the rule in *Brown* applies "only when the government could have tried the greater and lesser offenses in a single proceeding but did not do so."[5] *Id.* at n. 11. That is not the case here.

█ Indeed, the United States Supreme Court has "constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *State v. Klinger,* 698 N.E.2d 1199, 1202 (Ind.Ct.App.1998) (quoting *Richardson v. U.S.,* 468 U.S. 317, 324, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984)), *trans. denied.* This is so because the failure of a jury to reach a verdict is not an event, such as an acquittal, that terminates the original jeopardy. *Id.* at 1201; *Griffin,* 717 N.E.2d at 79 (observing that hung jury is not the equivalent of an acquittal). Rather, the concept of "continuing jeopardy" applies in criminal proceedings against an accused that have not run their full course. *Griffin,* 717 N.E.2d at 78. Specifically, a defendant who is retried following a hung jury is not placed in jeopardy twice for the same offense, because the initial jeopardy that attaches to a charge is simply suspended by the jury's failure to reach a verdict. The original jeopardy continues upon retrial and never terminates so as to give rise to the possibility of double jeopardy. *Richardson,* 468 U.S. at 324, 104 S.Ct. 3081; *Griffin,* 717 N.E.2d at 82 (holding that defendant was not placed in jeopardy twice because initial jeopardy that attached to robbery charge, a lesser included offense of felony murder charge for which he was acquitted, was suspended because of mistrial and continued upon retrial); *Klinger,* 698 N.E.2d at 1202 (holding that, although jeopardy which attached to lesser offense of pointing a handgun terminated when jury returned guilty verdict, jeopardy which attached to greater attempted murder charge, "albeit interrupted in its course, never terminated"). Clearly, society has a vested "interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *Richardson,* 468 U.S. at 324, 104 S.Ct. 3081. The U.S. Supreme Court has long adhered to the following principle:

> a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree.

*Id.* at 326, 104 S.Ct. 3081.

█ Applying the foregoing principles to the instant case, we conclude that the jeopardy which attached to the offense of possession of cocaine terminated when the jury found Davenport guilty of the same, but that the jeopardy which attached to the dealing in cocaine charge, albeit interrupted, never terminated. *See Klinger,* 698 N.E.2d at 1202. Accordingly, the jury's determination of guilt on the lesser included possession charge but deadlock on the greater dealing charge did not preclude the State from retrying Davenport for the greater offense.[6] *See id.* (conclud-

---

5. *Brown* identified other circumstances, in addition to the declaration of a mistrial, in which application of its holding is limited, including when the indictment or information is dismissed, after a conviction is reversed on appeal, or when a defendant opposes a consolidated trial. 432 U.S. at 165 n. 5, 97 S.Ct. 2221.

6. In so holding, we recognize the conflicting result reached by another panel of this court in *State v. Mercer,* 500 N.E.2d 1278 (Ind.Ct. App.1986). There, the panel held that Mercer's conviction on the lesser included offense of criminal recklessness barred reprosecution on the greater offense of battery following a hung jury. *Id.* at 1283. We agree with a more recent panel's assessment that "the result reached in *Mercer* appears inconsistent with that reached in *Redman*" and with the double jeopardy principles set forth above. *See Klinger,* 698 N.E.2d at 1201. While the *Mercer* panel reiterated the rule set forth in *Brown,* it appears that the panel failed to acknowledge that the rule applies only to separate prosecutions, not to mistrials caused by

ing that conviction on charge of pointing a firearm did not preclude State from retrying defendant on attempted murder charge); *Redman*, 679 N.E.2d at 931 (concluding that double jeopardy interest of defendant was not offended by retrial on attempted murder charge following reversal of attempted murder conviction on procedural grounds, even though conviction for aggravated battery remained in effect). Davenport may not use the defense of double jeopardy "as a sword to prevent the State from completing its prosecution." *Redman*, 679 N.E.2d at 930. We thus affirm the trial court's decision permitting the State to retry Davenport on the dealing charge.[7]

Affirmed.

FRIEDLANDER, J., and MATHIAS, concur.

---

a hung or deadlocked jury. *See Griffin*, 717 N.E.2d at 80.

We also observe that in *Moore v. State*, 698 N.E.2d 1203, 1209 n. 3 (Ind.Ct.App.1998), *trans. denied*, another panel of this court remarked in non-binding dicta that "our holdings in *Redman* . . . and in *Taflinger* . . . state that the proper procedure for the trial court to follow before conducting the retrial upon the charge of the greater offense is to vacate the conviction upon the included offense." We do not agree with the *Moore* panel's characterization of the holdings in those cases. In *Redman*, the defendant was convicted of attempted murder and aggravated battery as a lesser included offense in the same criminal proceeding, and the trial court "merged" the two convictions, imposing sentence on the aggravated battery count only. The court

held that merger of the convictions was inappropriate and that the proper procedure was to vacate the conviction of the included offense, even if the trial court was concerned about the possibility of the greater conviction being subsequently reversed on sufficiency grounds. 679 N.E.2d at 932. But neither *Redman* nor *Taflinger* stands for the proposition, as *Moore* suggests, that the conviction on the included offense should be vacated *before* a retrial on the greater offense. *See Moore*, 698 N.E.2d at 1209 n. 3; *Taflinger*, 698 N.E.2d at 327; *Redman*, 679 N.E.2d at 932.

7. We also note that the trial court vacated its conviction on the lesser offense of possession of cocaine before entering conviction and sentence on the greater offense of dealing in cocaine, as was the proper procedure. *See Taflinger*, 698 N.E.2d at 327.