## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2015, 10:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Todd Crane,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2015

Court of Appeals Case No.
15A04-1501-CR-9

Appeal from the Dearborn Superior Court

The Honorable Sally A. McLaughlin, Judge

Cause No. 15D02-1403-FD-105

**Najam, Judge.**

## Statement of the Case

[1]     Todd Crane appeals his sentence after he pleaded guilty, without the benefit of a plea bargain, to a number of charges. Crane presents one issue for our review,

namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm Crane's sentence, but we vacate his conviction for criminal mischief, as a Class A misdemeanor, because that conviction violates the prohibition against double jeopardy. We, therefore, remand to the trial court with instructions to correct its orders.

## Facts and Procedural History

After a "two-day paint[-]huffing bender," on March 1, 2014, Crane was evicted from a local homeless shelter. Appellant's Br. at 7. With nowhere else to go, Crane went to an apartment belonging to his mother, Nancy Smith. Crane left after about thirty minutes but returned later that night at about 9:15 p.m. When Crane returned, he was high on inhalants, namely spray paint. Smith fed Crane dinner, but, after dinner, Crane refused to leave. Instead, Crane went to the back of Smith's apartment where his niece—Smith's granddaughter, R.R.—was asleep and awoke her by shaking her violently. Smith took R.R. from Crane, and Smith fled her apartment with R.R. to a neighbor's apartment where Smith called the police. R.R. suffered head pain as a result of Crane shaking her.

Before the police arrived, Crane ransacked Smith's apartment and, in the process, destroyed "multiple DVR[ boxes], [a] desktop computer, [a] laptop computer, eyeglasses, [a] flat screen television, [a] bathroom mirror, [a] cellular telephone, [and a] digital camera." Tr. at 20. The damage to Smith's property exceeded $2,500.

Officers with the Lawrenceburg Police Department responded to Smith's call. When Crane opened the door for the officers, the officers attempted to arrest him, but Crane fought the officers and yelled obscenities at them. After several minutes and "multiple Taser applications," the officers managed to handcuff Crane and place him in the back of a police car. Appellant's App. at 6. Once in the police car, Crane proceeded to yell and "spit all over the back of [the] car." *Id.*

On March 3, 2014, the State charged Crane with (1) battery, as a Class D felony; (2) criminal mischief, as a Class D felony; (3) resisting law enforcement, as a Class A misdemeanor; (4) criminal trespass, as Class A misdemeanor; (5) criminal mischief, as a Class A misdemeanor; and (6) inhaling toxic vapors, a Class B misdemeanor. On November 5, 2014, Crane pleaded guilty to all charges without the benefit of a plea agreement. At the plea hearing, the State informed the trial court that "the Class A, Criminal Mischief [charge] . . . is duplicative of" the Class D felony criminal mischief charge. Tr. at 22. The trial court stated it would address this issue at Crane's sentencing hearing.

The trial court held Crane's sentencing hearing on December 5, 2014, at the conclusion of which the court sentenced Crane to three years for the battery conviction; one-and-one-half years for the Class D felony criminal mischief conviction; and one year each for the following Class A misdemeanor convictions: resisting law enforcement, criminal trespass, and criminal mischief. The trial court ordered the two felony sentences to be served consecutively and the three misdemeanor convictions to be served concurrent

with the two felony sentences for an aggregate sentence of four-and-one-half years in the Indiana Department of Correction. The court dismissed the inhaling toxic vapors charge but did not explain why it did so.

[7]     In sentencing Crane, the trial court noted that Crane had pleaded guilty to the charges against him and that Crane had benefitted from substance abuse treatment while awaiting sentencing. However, the court found that these considerations were outweighed by Crane's criminal history. As Crane's presentence investigation report details, Crane "has been charged with forty[-]nine [offenses], which include alcohol and drug offenses, theft, [d]riving while suspended, Criminal Trespass, Disorderly Conduct, Resisting Arrest, Criminal Littering, Assault, and Battery," and Crane had received—and had violated the terms of—probation several times in the past. Appellant's App. at 123. The trial court observed that, despite Crane's criminal history, Crane "got either no time in jail or a few days in jail or a couple months in jail." Tr. at 42. Thus, the court found:

> I think based on [your criminal history], you're not really a candidate for probation. I don't think probation has the ability to monitor you . . . , and I think it's also a safety factor. . . . [S]o what I am going to do based on that[] is find that you would be best rehabilitated through incarceration.

*Id.* at 43. This appeal ensued.

# Discussion and Decision

[8] Crane contends that his sentence is inappropriate in light of the nature of his offenses and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration in original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[9] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the

severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[10] With respect to the nature of his offenses, Crane asserts that his sentence is inappropriate because Crane's "motive" to commit his crimes, intoxication, does not evince "the depravity of someone who commits criminal acts for vengeance or personal or financial gain." Appellant's Br. at 7. But Crane's intoxicated state does not mitigate the gravity of his numerous crimes, which supports his four-and-one-half-year sentence. While high on inhalants, Crane violently shook his eight-year-old niece, ravaged his mother's apartment, fought responding officers, and spit all over a police car. We cannot say that Crane's sentence is inappropriate in light of the nature of his offenses.

[11] Regarding his character, Crane asserts that his sentence is inappropriate because he is a drug addict who "is capable of redemption and rehabilitation," which he argues cannot be achieved in prison. *Id.* But the trial court found otherwise, and we cannot say that it erred when it did so. As the trial court noted, Crane has a significant criminal history, and he has violated the terms of his probation on a number of occasions. Despite multiple drug offenses in the past, Crane has not treated his addiction. Thus, the trial court did not err when it concluded that Crane "would be best rehabilitated through incarceration." Tr. at 43. Crane's character supports his sentence.

[12] Although we affirm Crane's sentence, we vacate his conviction for criminal mischief, as a Class A misdemeanor. *See Richardson v. State*, 717 N.E.2d 32, 54

(Ind. 1999). Here, Crane was convicted of and sentenced for criminal mischief, as a Class D felony, and the State conceded to the trial court that the Class A misdemeanor charge was a lesser-included charge to the Class D felony. It is well settled that a defendant cannot be convicted of both a greater and lesser-included offense. *See Davenport v. State*, 734 N.E.2d 622, 624 (Ind. Ct. App. 2000), *trans. denied*; *see also* Ind. Code § 35-43-1-2. "Where a defendant is found guilty of both the greater offense and the lesser-included offense the . . . proper procedure is to vacate the conviction of the included offense." *Taflinger v. State*, 698 N.E.2d 325, 327 (Ind. Ct. App. 1998), *trans. denied*. Therefore, we vacate Crane's conviction for criminal mischief, as a Class A misdemeanor, but we note that, because the trial court ordered Crane's sentences for his misdemeanor convictions to be served concurrent with those for his felony convictions, his aggregate four-and-one-half-year sentence is undisturbed by this error. We remand to the trial court with instructions to correct its orders.

[13] Affirmed and remanded with instructions.

Kirsch, J., and Barnes, J., concur.