William **HADDIX**, Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A04–0402–CR–107.

Court of Appeals of Indiana.

May 23, 2005.

---

J.J. Paul, III, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

William Haddix appeals his conviction for operating a vehicle while intoxicated ("OWI"), a Class A misdemeanor. We affirm.

### Issue

The sole issue for our review is whether Haddix's conviction was obtained in violation of constitutional and statutory protections against double jeopardy.

### Facts

The relevant facts in this appeal are that on July 17, 2001, the State charged Haddix with OWI resulting in death, a Class C felony, operating a vehicle with a blood alcohol content over .08 (OW–BAC) resulting in death, a Class C felony, OWI as a Class A misdemeanor, and OW–BAC as a Class A misdemeanor. On February 10, 2003, the first day of trial, the State amended its information to exclude the misdemeanor OWI and OW–BAC charges. However, at the close of evidence the trial court instructed the jury on the misdemeanor offenses as lesser-included offenses of the OWI resulting in death and

OW–BAC resulting in death charges. On February 13, 2003, the jury returned verdicts finding Haddix guilty of the misdemeanor OWI and OW–BAC charges, but left the verdict forms for the felony charges blank. The jury foreperson indicated that the jury could not reach a verdict on the felony counts, and the rest of the jurors agreed when they were polled. Over Haddix's objection, the trial court discharged the jury, declared a mistrial, and refused to enter judgment on the misdemeanor guilty verdicts.

On April 7, 2003, the trial court ordered a retrial on the OWI resulting in death and OW–BAC resulting in death charges, over Haddix's objection. On May 19, 2003, the trial court also denied Haddix's petition for entry of judgment on the misdemeanor guilty verdicts returned in the first trial. On December 4, 2003, at the conclusion of the second jury trial, the jury again found Haddix guilty of the lesser included OWI and OW–BAC counts, but this time it expressly found him not guilty of the OWI resulting in death and OW–BAC resulting in death charges. The trial court entered judgment only on the OWI charge and sentenced Haddix accordingly. He now appeals.

### Analysis

■ Haddix contends his right not to be subjected to double jeopardy was violated when the trial court refused to enter judgments of conviction on the misdemeanor guilty verdicts returned in the first trial and allowed the State to attempt to obtain felony convictions against him in a second trial. Haddix's argument rests both on the United States Constitution and the Indiana Code.[1] Specifically, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb...." Additionally, Indiana Code Section 35–41–4–3(a) states:

> A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if ... the former prosecution resulted in an acquittal or a conviction of the defendant (A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.)....

The United States Supreme Court has analyzed the Double Jeopardy Clause in two cases that are similar in some respects to Haddix's case: *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), and *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). In *Green,* the defendant was charged with first degree murder, but the jury was instructed that it could find the defendant guilty of either first degree or second degree murder. At the conclusion of the first trial, the jury returned a guilty verdict for second degree murder and no verdict, either for guilt or acquittal, for first degree murder. The defendant successfully appealed the second degree murder conviction and then was tried again for and convicted of first degree murder.

The Supreme Court held that the second trial for first degree murder violated the Double Jeopardy Clause and reversed his

---

1. Haddix also invokes the Indiana Constitution's Double Jeopardy Clause and the interpretation of it in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). That case specifically concerned multiple punishments for a single offense, not the distinct question of successive prosecutions that is presented here. *See id.* at 59 (Boehm, J., concurring in result). Haddix fails to develop a substantial argument that the Double Jeopardy Clause of the Indiana Constitution provides different or additional protection than is already provided by the United States Constitution and the Indiana Code with respect to successive prosecutions.

conviction. *Green*, 355 U.S. at 198, 78 S.Ct. at 229. The Court explained:

> Green was in direct peril of being convicted and punished for first degree murder at his first trial. He was forced to run the gantlet [sic] once on that charge and the jury refused to convict him. When given the choice between finding him guilty of either first or second degree murder it chose the latter. In this situation the great majority of cases in this country have regarded the jury's verdict as an implicit acquittal on the charge of first degree murder. But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of murder in the first degree. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense. In brief, we believe this case can be treated no differently, for purposes of former jeopardy, than if the jury had returned a verdict which expressly read: "We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree."

*Id.* at 190–91, 78 S.Ct. at 225 (internal citations omitted).

The Supreme Court revisited the concept of "implied" acquittals in *Price*. There, the defendant was charged with and tried for murder, and his first trial resulted in a guilty verdict for the lesser included offense of voluntary manslaughter; the jury's verdict was silent as to the murder charge. The defendant successfully appealed the voluntary manslaughter conviction, then was tried again for murder. The second trial also resulted in a voluntary manslaughter conviction.

Following *Green*, a unanimous Supreme Court reversed the second voluntary manslaughter conviction, holding that at the second trial he could only be tried for voluntary manslaughter, not murder. *Price*, 398 U.S. at 327, 90 S.Ct. at 1760. It held, "this Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Id.* at 329, 90 S.Ct. at 1761 (footnote omitted). Furthermore, the Court held even though the defendant was only convicted of voluntary manslaughter again at his second trial as he was in the first trial, the error in retrying him on the murder charge could not be deemed harmless.[2] *Id.* at 331, 90 S.Ct. at 1762. This was because the Double Jeopardy Clause "is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly." *Id.* The Court also noted that it was impossible to determine whether the mere existence of

2. This is why we must fully examine Haddix's double jeopardy arguments rather than simply concluding that he was not harmed because he was only convicted of the lesser included offenses following the second trial and was also expressly acquitted of the great

er offenses at that time. If we were to find a double jeopardy violation, we would be required to vacate the conviction on the OWI misdemeanor offense entered after Haddix's second trial.

the greater murder charge "induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." *Id.*

*Green* and *Price,* however, are not precisely identical to Haddix's case. Here, unlike in *Green* and *Price,* the jurors expressly told the trial court when it returned the blank verdict forms for the greater offenses that they could not reach an agreement on those charges.[3] We observe that in *Green,* the Court stated "no extraordinary circumstances appeared" that had prevented the first jury in that case from reaching a verdict on the greater offense while returning a verdict on the lesser offense. *Green,* 355 U.S. at 191, 78 S.Ct. at 225. Earlier in the opinion, the Court described " 'unforeseeable circumstances' " as those that make completion of a trial impossible, " 'such as the failure of a jury to agree on a verdict.' " *Id.* at 188, 78 S.Ct. at 224 (quoting *Wade v. Hunter,* 336 U.S. 684, 688–89, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)).

■ The Supreme Court has not directly addressed the question before us today: whether the rule of *Green* and *Price* applies when the jury returns a guilty verdict on a lesser included offense, while also returning a blank verdict for the greater offense along with a contemporaneous explanation by the jury that it could not reach an agreement on that count. *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), upon which the State relies, is readily distinguishable from Haddix's case. There, the defendant was charged with three separate drug crimes; the jury acquitted him of one of the counts and could not reach a verdict on the other two counts. The Supreme Court held the defendant could be retried on the two counts on which the jury hung, reiterating the well-established principle that "a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Id.* at 324, 104 S.Ct. at 3085. Conspicuously absent from the opinion is any mention of *Green, Price,* or the doctrine of "implied acquittal," nor did the case address a situation in which a jury reached a guilty verdict on a lesser included offense but returned no verdict on the greater offense.

We are aware of one case from the federal courts of appeal that analyzed a situation where the jury returned a guilty verdict on a lesser included offense and returned a blank verdict on the greater offense along with an explanation that the jurors could not agree on that count. *See United States v. Bordeaux,* 121 F.3d 1187 (8th Cir.1997). In *Bordeaux,* the defendant was charged with attempted aggravated sexual abuse by force. *Id.* at 1188. On this charge, the jury returned a blank verdict accompanied by a note stating that they could not reach an agreement. *Id.* The jury, however, did return a guilty verdict for the lesser included offense of abusive sexual contact by force. *Id.* On appeal, the court reversed the conviction for the lesser included offense because of instructional error. *Id.* at 1189–90.

The Eighth Circuit then proceeded to discuss *Green, Price,* and whether the defendant could be retried on remand for the greater offense or only the lesser included offense. It initially noted "some support" in *Green* and *Price* for the defendant's argument that he could only be retried for

---

**3.** The transcript from the end of the first trial demonstrates that the jury foreperson volunteered to the trial court, without apparent prompting, that "we're hung on two of the four." Post–Verdict Hearing Tr. p. 2. Whether as a general rule trial courts should question juries that return blank verdict forms as to why the forms are blank is not something we need to address today.

the lesser offense. *Id.* at 1192. Ultimately, however, the court rejected the defendant's position. It first stated, "The jury's express statement that it could not agree on a verdict as to the greater offense obviously precludes the inference that there was an implied acquittal." *Id.* It also noted the general rule and second rationale underpinning *Green* and *Price,* namely the principle that a defendant generally cannot be retried if a trial court discharges a jury before a verdict is reached and over the defendant's objection; however, "the paradigmatic exception" to this rule is the case of a hung jury. *Id.* The court concluded, "although in light of *Green* and *Price* we find the question difficult, we hold that where the jury expressly indicates that it is unable to reach an agreement on the greater charge, a conviction on a lesser included offense does not constitute an implied acquittal of the greater offense and presents no bar to retrial on the greater offense." *Id.* at 1193; *see also United States v. Allen,* 755 A.2d 402, 408 (D.C.2000), *cert. denied,* 533 U.S. 932, 121 S.Ct. 2556, 150 L.Ed.2d 722 (2001). We note, however, that even *Bordeaux* is not precisely the same as Haddix's case. The defendant there sought and obtained reversal of his first conviction on the lesser included offense, while Haddix consistently but unsuccessfully sought to have judgments of conviction entered on the first jury's guilty verdicts.

█ The doctrine of "implied" acquittal and the principles of *Green* and *Price* essentially have been codified by Indiana Code Section 35–41–4–3(a).[4] This statute provides that a conviction for a lesser included offense absolutely bars any subsequent prosecution for the greater charged offense, because such a conviction is deemed an acquittal of the greater offense. We note, however, that a "conviction" generally is not regarded as equivalent to a mere guilty verdict for an offense. A verdict is the jury's finding of guilt, but such finding carries no legal consequences unless the trial court enters a judgment of conviction on the verdict. *See Carter v. State,* 750 N.E.2d 778, 780 (Ind.2001).

This begs the question: did the trial court have the authority to refuse to enter judgments of conviction on the guilty verdicts for the lesser included offenses and to declare a mistrial instead? Indiana Code Section 35–38–1–1(a) provides that "after a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction."[5] Additionally, Indiana Code Section 35–41–4–3(a)(2)(v) provides that a prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense, unless the jury was unable to agree on a verdict. "A new trial is not barred following a hung jury." *Menifee v. State,* 512 N.E.2d 142, 143 (Ind.1987). *Menifee,* however, like other cases in this area, was one in which the jury could not agree on a verdict at all, while the first jury in Haddix's case did agree on a verdict on the lesser included offenses, but could not agree on the greater offenses. It has also been held that trial courts may not withhold judgment nor indefinitely postpone sentencing, but that a party cannot appeal the failure of a trial court to enter judg-

---

4. The State does not directly address this statute in its brief, but rather discusses Indiana Code Section 35–41–4–4.

5. One exception to this rule is that a trial court cannot enter judgment on both a greater and a lesser included offense. Ind.Code § 35–38–1–6. Additionally, trial courts may enter a judgment notwithstanding the verdict in favor of the defendant pursuant to Indiana Trial Rules 50 and 59(J)(7). *See Carter,* 750 N.E.2d at 780 n. 6.

ment. *Chissell v. State,* 705 N.E.2d 501, 506 (Ind.Ct.App.1999), *trans. denied.* The only available remedy is a writ of mandamus from our supreme court directing the trial court to do so. *Id.*

Haddix's arguments have merit. The deciding factor in this case is something that neither party mentioned in their briefs. Specifically, in reviewing the trial court's chronological case summary we noticed that our supreme court ruled on a petition for writ of mandamus filed by Haddix shortly after the trial court denied his motion to enter judgments of conviction on the verdicts returned in the first trial. In reviewing the materials Haddix filed with our supreme court at that time, we determine that he requested the trial court be ordered to enter convictions on the guilty verdicts returned after the first trial. He made essentially the same arguments that he now makes to this court regarding double jeopardy concerns and the obligation of the trial court to enter judgment on the first jury's verdicts.

Our supreme court denied Haddix's petition for writ of mandamus on June 25, 2003. The court did not explain the basis for its ruling. Nevertheless, the ruling has substantial implications for this case. It would appear that in order for us to find a double jeopardy violation, we would need to conclude at the outset that the trial court was required to enter judgments of conviction on the first jury's guilty verdicts in order to reach the next step and hold that the trial court would have been prohibited by statute or the Fifth Amendment from retrying Haddix for the greater offenses.

██ If we were to conclude, however, that the trial court was required to enter judgment on the first jury's guilty verdicts, that would seem to fly in the face of our supreme court's denial of Haddix's petition for writ of mandamus. "The remedies af-

forded under the rules governing original actions, while not favored and available only where the trial judge has failed to perform a clear, absolute, and imperative duty imposed by law, are equitable in nature." *State ex rel. Koppe v. Cass Circuit Court,* 723 N.E.2d 866, 869 (Ind.2000). We note the six general requirements for the issuance of a writ of mandamus: (1) a showing that our supreme court has jurisdiction over the matter; (2) the writ is sought expeditiously; (3) the respondent court has exceeded its jurisdiction or failed to act when it was under a duty to act; (4) the absence of jurisdiction or failure to act was raised in a written motion before the respondent court and the motion was denied or not timely ruled on; (5) the denial of a writ will result in extreme hardship; and (6) the remedy available by appeal will be wholly inadequate. *See* Ind. Original Action Rule 3(A).

There seems to be no question that our supreme court had jurisdiction in this matter as provided by Original Action Rule 1(A). Haddix also filed a written petition with the trial court requesting that it enter judgment on the first jury's guilty verdicts, which the trial court denied on May 19, 2003. Haddix filed his petition for writ of mandamus with our supreme court on June 6, 2003, which would appear to qualify as acting expeditiously in response to the trial court's denial of his motion for entry of judgment. Thus, Haddix appears to have satisfied the first, second, and fourth requirements of Original Action Rule 3 for the issuance of a writ of mandamus. That leaves three possibilities as to why our supreme court might have denied the writ application: the trial court did not have an absolute duty to enter judgment on the verdicts, the denial of the writ would not result in extreme hardship to Haddix, or an appeal would be an adequate remedy for him.

The last two possibilities seem an unlikely basis for denying Haddix's writ application. If indeed the trial court was obligated to enter judgment on the first jury's verdicts, it is apparent that would have precluded a second trial for Haddix on the Class C felony offenses. Unnecessarily subjecting Haddix to a second felony trial would seem to qualify as an extreme hardship, both emotionally and, because Haddix apparently has private counsel, financially; not to mention that such action would seem to violate the Indiana Code and the Fifth Amendment. Certainly, the trial court was given the "green light" to proceed with a second trial against Haddix when our supreme court denied the petition for writ of mandamus.

■ As for the adequacy of any remedy available by appeal to Haddix, as noted earlier there is no direct appeal remedy available when a trial court refuses to enter judgment in a matter; the only possible remedy is through a mandamus action. *See Chissell*, 705 N.E.2d at 506. As far as whatever remedy we could order in the present case, it would consist of reversing Haddix's conviction entered after the second trial, but that would allow for a *third* trial in this matter, albeit only on the lesser included offenses. *See Price*, 398 U.S. at 329, 90 S.Ct. at 1761. Surely our supreme court would not have allowed the expenditure of limited judicial resources on a second and possibly even third trial in Haddix's case if it believed the trial court was obligated to enter judgment on the jury verdicts returned in the first trial.

It seems that the most likely and reasonable inference to draw from our supreme court's denial of Haddix's petition for a writ of mandamus is that it concluded the trial court was not under a duty to enter judgments of conviction on the first jury's guilty verdicts, and that it was proper to allow a second trial against Haddix

on the C felony charges to go forward. This would reflect the view that Indiana Code Section 35–38–1–1(a) does not require a trial court to enter a judgment of conviction on a guilty verdict for a lesser included offense if a jury simultaneously volunteers that it could not reach an agreement, either to acquit or convict, on the greater offense. Instead, in such a situation the general principles concerning hung juries would allow the trial court to declare a mistrial and not enter judgment on the lesser included offense guilty verdict. *See Menifee*, 512 N.E.2d at 143. If that is the case, then there is no conviction for the lesser included offense, and the mere return of a guilty verdict on a lesser included offense does not place it within the literal purview of Indiana Code Section 35–41–4–3(a). That statute only bars a subsequent prosecution for a greater offense when there has been a *conviction* for a lesser included offense, and a defendant such as Haddix may be retried for the greater offense if there is no conviction for the lesser offense. As a matter of constitutional law, *Bordeaux* provides a solid basis for holding that if a jury returns a guilty verdict for a lesser included offense along with a contemporaneous, volunteered explanation that it could not agree on the greater offense, the Double Jeopardy Clause of the Fifth Amendment does not bar reprosecution for the greater offense, at least if there is no actual outstanding conviction and punishment for the lesser included offense. In sum, we cannot conclude that Haddix's second trial violated the double jeopardy protections found in the federal constitutional and the Indiana Code.

We make one last observation. The State argues that the outcome of this case should be dictated by several cases from this court: *Davenport v. State*, 734 N.E.2d 622 (Ind.Ct.App.2000), *trans. denied, State*

*v. Klinger,* 698 N.E.2d 1199 (Ind.Ct.App. 1998), *trans. denied,* and *Redman v. State,* 679 N.E.2d 927 (Ind.Ct.App.1997), *trans. denied, abrogated on other grounds by Carter,* 750 N.E.2d at 780–81. Reliance on *Redman* is easily ruled out, as that case concerned a situation in which the defendant was convicted of both a greater and a lesser included offense, the conviction for the greater offense was overturned on appeal, and we held that double jeopardy did not preclude retrial on the greater offense while at the same time directing that the outstanding lesser included offense conviction be vacated. *Redman,* 679 N.E.2d at 932. These facts do not parallel Haddix's case. In *Davenport,* however, this court held that double jeopardy was not violated where the defendant was convicted in his first trial of possession of cocaine, the jury indicated it was hung on the greater offense of dealing in cocaine, and the defendant was retried and convicted of dealing in cocaine.[6] *Davenport,* 734 N.E.2d at 625–26. Similarly, in *Klinger* this court held that where the defendant's first trial for attempted murder resulted only in a guilty verdict for the lesser included offense of pointing a firearm and a hung jury on the attempted murder charge, double jeopardy principles did not preclude the defendant's retrial and conviction for attempted murder. *Klinger,* 698 N.E.2d at 1202. We have not referred to *Davenport* and *Klinger* in deciding this case because neither opinion mentions or analyzes *Price, Green,* or Indiana Code Section 35–41–4–3(a), which are the most pertinent authorities on the issue presented in this case.[7]

---

6. When the conviction for dealing in cocaine was entered, the trial court vacated the earlier possession of cocaine conviction.

7. In *State v. Mercer,* 500 N.E.2d 1278, 1282–83 (Ind.Ct.App.1986), this court reached a conclusion opposite that in *Davenport* and *Klinger* and held that where the defendant

### Conclusion

We conclude Haddix's constitutional and statutory protections against double jeopardy were not violated when the trial court refused to enter judgments of conviction on the first jury's verdicts of guilt for the lesser included misdemeanor OWI offenses and permitted Haddix to be retried on the Class C felony OWI resulting in death charges. We affirm.

Affirmed.

KIRSCH, C.J., and BAKER, J., concur.

**S.S., Appellant–Defendant,**

v.

was convicted of criminal recklessness but the jury could not reach an agreement on the greater offense of aggravated battery, double jeopardy precluded his retrial on the battery charge. *Mercer,* however, like *Davenport* and *Klinger,* did not mention or rely upon *Price, Green,* or Indiana Code Section 35–41–4–3(a).