# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**JAMES H. VOYLES**
**JENNIFER M. LUKEMEYER**
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JEFFREY A. CLEARY,                          )
                                            )
    Appellant-Defendant,                 )
                                            )
        vs.                          )     No. 45A03-1212-CR-518
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                  )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas Stefaniak, Jr., Judge
Cause No. 45G04-1011-FB-114

**January 24, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jeffery Cleary appeals his conviction and sentence for Class B felony causing death when operating a motor vehicle with a BAC over .15. We affirm.

**Issues**

Cleary raises three issues, which we restate as:

    I.     whether his retrial violated double jeopardy principles;

    II.    whether the trial court properly admitted into evidence the results of a blood test; and

    III.   whether his sentence is inappropriate.

**Facts**

Late in the evening on November 4, 2010, Cleary left the Country Lounge in Hobart, intending to go home via I-65. Cleary proceeded onto a southbound ramp toward I-65. A service truck was parked behind a tractor-trailer on the shoulder of the ramp, and Philip Amsden was changing a tire on the tractor-trailer. As Cleary proceeded down the ramp, he struck the back of Amsden's service truck, pushing it into the area behind the tractor-trailer where Amsden was working, killing Amsden.

When Cleary was freed from his overturned SUV, he was taken to Methodist Hospital by Lawrence McFarrin of the Indiana State Police. Emergency room staff used ChloraPrep to cleanse Cleary's skin and conducted a blood draw. Cleary's blood alcohol content was over .15.

On November 5, 2010, the State charged Cleary with Class B felony causing death when operating a motor vehicle with a BAC over .15, Class C felony causing death when

operating a motor vehicle while intoxicated, and Class A misdemeanor operating a motor vehicle with a BAC over .15. On January 21, 2011, the information was amended to include charges of Class A misdemeanor operating while intoxicated and Class C misdemeanor operating while intoxicated. On August 18, 2011, Cleary was also charged with failure to yield to a recovery vehicle, a Class A infraction, improper lane movement, a Class C infraction, and having more than one driver's license, a Class C infraction.

A jury trial was conducted from December 5, 2011, through December 14, 2011. The jury found Cleary guilty of the Class A misdemeanor and Class C misdemeanor operating a motor vehicle while intoxicated charges and found him liable on the infractions. The jury was deadlocked on the felony charges. Although the State did not move for judgment on the verdicts, Cleary did. The trial court took the matter under advisement. After a hearing on January 30, 2012, the trial court denied Cleary's motion for judgment on the verdict and scheduled a new trial. Cleary filed a motion to dismiss based on purported double jeopardy violations, and the trial court denied the motion.

A second jury trial began on August 29, 2012, and on September 11, 2012, the jury found Cleary guilty of all the charged offenses and liable on the infractions. The State moved for judgment on the Class B felony verdict and the infractions. The trial court granted the motion over Cleary's double jeopardy objection.

On November 9, 2012, a sentencing hearing was held. The trial court concluded that the aggravating factors outweighed the mitigating factors and sentenced Cleary to fourteen years. Cleary now appeals.

3

## Analysis

### I. Double Jeopardy

#### A. Statutory

Cleary argues that the State was statutorily prohibited from retrying him. Cleary contends the trial court was required to enter judgments of conviction on the misdemeanor charges based on the jury's verdict at the conclusion of the first trial. According to Cleary, if judgments of conviction had been entered, the State would have been statutorily barred from prosecuting him again.

Indeed, had judgments of conviction been entered, retrial would have been barred by Indiana Code Section 35-41-4-3,[1] which provides in part:

> (a) A prosecution is barred if there was a former prosecution of the defendant based on the same facts and for commission of the same offense and if:
>
>> (1) the former prosecution resulted in an acquittal or a conviction of the defendant (A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.); . . . .

See also Hoover v. State, 918 N.E.2d 724, 736 (Ind. Ct. App. 2009) ("Hoover's conviction on the lesser-included robbery offense constitutes an acquittal on the greater felony-murder charge, notwithstanding the jury's express deadlock. The State is therefore barred from retrying Hoover for felony murder."), trans. denied.

---

[1] The State agrees that, had the trial court entered judgment on the misdemeanor offenses, it would have been an implied acquittal on the greater offenses.

We do not agree with Cleary, however, that the trial court was required to enter a judgment of conviction, as opposed to ordering a new trial, upon the return of the jury's verdict. Indiana Code Section 35-38-1-1(a) explains, "Except as provided in section 1.5 of this chapter, after a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction."[2] Quite simply, because a new trial was granted, the trial court was not required to enter a judgment of conviction.[3]

In Haddix v. State, 827 N.E.2d 1160, 1165-66 (Ind. Ct. App. 2005), trans. denied, we addressed similar arguments and recognized that they had merit. Ultimately, however, the deciding factor in that case was our supreme court's denial of Haddix's petition for writ of mandamus. We concluded that the denial of Haddix's petition reflected the view that Indiana Code Section 35-38-1-1(a) does not require a trial court to enter a judgment of conviction on a guilty verdict for lesser-included offense if a jury simultaneously volunteers that it could not reach an agreement on the greater offense. Haddix, 827 N.E.2d at 1167. As such, "there is no conviction for the lesser included offense, and the mere return of a guilty verdict on a lesser included offense does not place it within the literal purview of Indiana Code Section 35-41-4-3(a)." Id.

---

[2] Indiana Code Section 35-38-1-1.5 pertains to the conversion of a Class D felony conviction to a Class A misdemeanor and is not relevant here.

[3] To the extent Cleary asserts that the trial court was required to enter a judgment of conviction immediately following the jury's verdict, our supreme court has stated a "trial court may not withhold judgment but is required to enter judgment of conviction immediately unless a temporary postponement is dictated by good cause shown or the interest of justice so requires." Debro v. State, 821 N.E.2d 367, 372 (Ind. 2005). Here, on December 14, 2011, at the conclusion of the first trial, the trial court took Cleary's motion for judgment on the verdict under advisement, scheduled a hearing on the matter for January 30, 2012, and allowed the parties to brief the issue prior to the hearing. At the January hearing, the trial court denied Cleary's motion and scheduled a new trial. There is no indication that the delay in entering the conviction was for any purpose other than to allow the issue of retrial to be researched. This temporary delay was in the interest of justice and not in violation of Debro.

Although Cleary did not file a petition for writ of mandamus, we believe Haddix's statutory interpretation is sound. Thus, here, where no judgment of conviction was entered on a lesser offense because a new trial was granted, Indiana Code Section 35-41-4-3(a) does not bar retrial of the greater offenses.

Cleary also asserts that, when the State charges someone with multiple counts of crimes based on the same conduct, it assumes the risk that a jury may not find guilt on the more serious counts. According to Cleary, "It is solely [the State's] charging decision and the State should not be able to repeatedly prosecute someone when they get verdicts on lesser offense[s] they charged but no verdict on the greater offense." Appellant's Br. p. 11. Although Cleary makes an interesting point, absent clarification from the legislature or our supreme court, it is not enough to establish that the State was statutorily barred from retrying him on the Class B felony.

### B. Indiana Constitution

Cleary also argues that Indiana's Double Jeopardy Clause barred retrial after the guilty verdict on the misdemeanor offenses. The Double Jeopardy Clause of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. In Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999), our supreme court concluded that two or more offenses are the "same offense" in violation of the Indiana Constitution, "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." Cleary contends that Indiana's double jeopardy protections are broader than federal

6

protections and that retrial violated <u>Richardson</u>'s statutory elements and actual evidence tests.

Cleary does not direct us to, nor do there appear to be, any cases that apply <u>Richardson</u>'s analysis to a circumstance such as this—where no judgment of conviction is entered after a guilty verdict on lesser included offenses and the defendant is retried on all of the offenses—and we are not convinced that it applies. In explaining the two components of the "same offense" analysis under the Indiana Constitution, the <u>Richardson</u> court noted, "Under some circumstances, even when two or more offenses constitute the same offense under a federal or state 'same offense' test, no double jeopardy violation will be found to have occurred." <u>Richardson</u>, 717 N.E.2d at 49 n.37. The court went on to cite various examples of mistrials and stated, "These other aspects, however, are not at issue in this case." <u>Id.</u> Thus, we are not convinced that the <u>Richardson</u> "same offense" analysis was intended to apply to all scenarios.

Cleary also directs us to <u>Garrett v. State</u>, 992 N.E.2d 710, 719 (Ind. 2013), in which our supreme court modified its holding in <u>Richardson</u>.[4] Although <u>Garrett</u> sheds some light on the scope of Indiana double jeopardy protections, it is not directly on point.

In <u>Garrett</u>, at the conclusion of the first trial, the jury returned not guilty verdicts on counts of Class A felony rape, Class B felony criminal deviate conduct, and Class C felony criminal confinement and was unable to reach a verdict on a second Class A felony rape count and a Class B felony criminal confinement count. Garrett was retried in a bench trial on those counts and was found guilty of Class B felony rape and not

---

[4] Garrett was decided after this case was fully briefed, and Cleary filed a notice of additional authority.

7

guilty of criminal confinement. In post-conviction relief proceedings, Garrett asserted that he received ineffective assistance of trial and appellate counsel because neither attorney challenged the retrial on double jeopardy grounds.

Our supreme court acknowledged that most cases involve defendants challenging two convictions, not retrial after acquittal, and concluded that the Indiana Double Jeopardy analysis is applicable to assess whether two offenses are the same offense when there is an acquittal on one offense and retrial on another offense. Garrett, 992 N.E.2d at 720-21. The court explained:

> First, "[t]he Double Jeopardy clause is assurance that the State will not be allowed to make repeated attempts to convict an accused for the same offense." Thompson v. State, 259 Ind. 587, 290 N.E.2d 724, 726 (1972) (citing U.S. Const. amend. V and XIV; Ind. Const. art. 1, § 14; Benton v. Md., 395 U.S. 784, 796, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969); Green v. United States, 355 U.S. 184, 187, 78 S. Ct. 221, 2 L.Ed.2d 199 (1957)) (emphasis in original). Indeed, as we have recognized, the idea underlying the Double Jeopardy Clause's prohibition against multiple prosecutions "is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby . . . enhancing the possibility that even though innocent he may be found guilty." State v. Monticello Developers, Inc., 527 N.E.2d 1111, 1112 (Ind. 1988) (quoting Green, 355 U.S. at 187-88, 78 S .Ct. 221). Having had one full opportunity to convict an accused, the State should not receive a "second bite at the apple." See Burks v. United States, 437 U.S. 1, 17, 98 S. Ct. 2141, 57 L.Ed.2d 1 (1978).
> Second, "[t]he notion that 'jeopardy' is 'risk' is the very core of double jeopardy jurisprudence." Bryant v. State, 660 N.E.2d 290, 299 (Ind. 1995) (citing Breed v. Jones, 421 U.S. 519, 528, 95 S. Ct. 1779, 44 L.Ed.2d 346 (1975)). Jeopardy is the risk of trial and conviction, not punishment. Id. (citing Price v. Ga., 398 U.S. 323, 326, 90 S. Ct. 1757, 26 L.Ed.2d 300 (1970)). In other words, double jeopardy

protection prohibits twice subjecting an accused to the risk that he will be convicted of a single crime. Therefore it is not surprising that we have previously recognized a double jeopardy violation where a defendant demonstrated "that he might have been acquitted or convicted on the former trial" of the same crime for which he was convicted at the second trial. Brinkman v. State, 57 Ind. 76, 79 (1877). Finally, we see no reason why the Richardson actual evidence test would not apply any time there are multiple verdicts, not simply multiple convictions, on the same facts. In fact, the plain language of the test refers not just to convictions: "[A] defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Richardson, 717 N.E.2d at 53 (emphasis added).

Garrett v, 992 N.E.2d at 721.

Ultimately, our supreme court held that Richardson's "actual evidence" test "is applicable to cases in which there has been an acquittal on one charge and retrial on another charge after a hung jury." Garrett, 992 N.E.2d at 714. The court explained:

a double jeopardy violation under the Richardson actual evidence test may also rest on our conclusion that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of the offense for which the defendant was acquitted may also have been used to establish all of the essential elements of the offense for which the defendant was convicted.

Id. at 723.

Here, were are not faced with multiple convictions as in Richardson or conviction after acquittal as in Garrett and, therefore, those cases do not apply. Instead, the jury in

9

the first trial was deadlocked on the felony charges.[5] Thus, the facts of this case are akin to those that invoke the doctrine of continuing jeopardy in federal double jeopardy jurisprudence, which does not bar retrial where a jury cannot agree on a verdict. See, e.g., Griffin v. State, 717 N.E.2d 73, 79 (Ind. 1999) ("[I]n cases in which the prosecutor charges different offenses in separate counts and the jury reaches a verdict as to some counts but not as to others, the jury may render a verdict as to the charge or charges upon which the jurors do agree, and the charges on which they do not agree may be tried again.").

Moreover, a close reading of Garrett suggests that our supreme court does not believe that the Indiana Constitution bars retrial where a jury reaches a verdict on some counts but is deadlocked on others. Specifically, in determining whether trial counsel was ineffective for not objecting to retrial on double jeopardy grounds, the Garrett court observed:

> The record supported the conclusion that the jury found Garrett not guilty of alleged Rape A—the first-in-time alleged offense; but could not reach a unanimous verdict on alleged Rape B—the second-in-time alleged offense. Hence there was nothing to prevent retrial on this charge. As we have attempted to demonstrate, the double jeopardy violation occurred as a result of the evidence presented during retrial. Garrett cannot demonstrate that trial counsel would have prevailed had he objected to retrial or moved to dismiss.

---

[5] To the extent the jury did reach a verdict on the misdemeanor charges, Cleary does not make a specific argument that retrial on the misdemeanor charges following the jury's guilty verdict violated Indiana double jeopardy principles.

Id. at 723-24 (emphasis added).  Here, the jury returned verdicts on some counts but could not reach a unanimous verdict on the felony charges.  Thus, pursuant to Garrett, there was nothing to prevent retrial on those charges.

## II. *Admission of Evidence*

Cleary argues that his blood test results were inadmissible because hospital emergency room protocol for drawing blood conflicted with hospital laboratory protocol for drawing blood.  Specifically, the emergency room protocol called for ChloraPrep, an alcohol-based product, to be used to clean the site of the blood draw, while the laboratory protocol for blood alcohol tests called for iodine or soap to be used to clean the site, not alcohol.

The admission of evidence at trial is a matter left to the trial court's discretion discretion of the trial court.  Clark v. State, 994 N.E.2d 252, 259-60 (Ind. 2013).  These determinations are reviewed for an abuse of that discretion and reversed only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.  Id.

Indiana Code Section 9-30-6-6 (2012) provides:

> (a) A physician or a person trained in obtaining bodily substance samples and acting under the direction of or under a protocol prepared by a physician, who:
>
> > (1) obtains a blood, urine, or other bodily substance sample from a person, regardless of whether the sample is taken for diagnostic purposes or at the request of a law enforcement officer under this section; or

11

> > (2) performs a chemical test on blood, urine, or other bodily substance obtained from a person;
>
> > shall deliver the sample or disclose the results of the test to a law enforcement officer who requests the sample or results as a part of a criminal investigation. Samples and test results shall be provided to a law enforcement officer even if the person has not consented to or otherwise authorized their release.

Paramedic Donna Logan testified that she cleaned the area on Cleary's arm with ChloraPrep pursuant to emergency room protocol. Cleary does not dispute that this was consistent with emergency room protocol but contends that, because the use of ChloraPrep is a violation of laboratory protocol, the results are inadmissible. He asserts that, given the conflicting protocols, there is no way to generally comply with Indiana Code Section 9-30-6-6. We disagree. Cleary's blood was drawn pursuant to a protocol as required by Indiana Code Section 9-30-6-6 and therefore is admissible. To the extent he contends it is logical to assume that the laboratory protocol was created with "more scientific understanding" and out of concern for contamination, this goes to the weight of the evidence, not its admissibility. Appellant's Br. p. 20. The trial court did not abuse its discretion in admitting the blood test results into evidence.

### III. Sentence

Cleary argues that his fourteen-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still

12

must give due consideration to that decision.  Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We also understand and recognize the unique perspective a trial court brings to its sentencing decisions.  Id.  "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate."  Id.

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case."  Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).  We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count."  Id.  Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.  Id. at 1224.  When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended.  Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

Although Cleary concedes that Amsden's death was a tragedy, Cleary's argument focuses primarily on his character.  We, however, cannot overlook the fact that Cleary admitted to consuming several drinks over the course of the day and was talking on the phone, despite the rain, wind, and sleet at the time of the accident in which Amsden was crushed between two vehicles.

As for his character, Cleary points to his community involvement, his generosity to his employees, and the support of his family. He also argues that, because he was sixty-six at the time of trial, his fourteen-year sentence is inappropriate to serve the purpose of rehabilitation. Even considering these factors, we are not convinced his sentence is inappropriate.

Although Cleary argues he was remorseful, the trial court was not convinced and noted that, throughout the entire trial, Cleary laughed and giggled during the breaks. The trial court found Cleary's conduct during trial "absolutely despicable and disgusting" because, even if Cleary did not believe he had committed a crime, Amsden died. The trial court also noted Cleary's tendency to put himself first, even in his attempt to apologize. Based on these observations, we are not convinced that Cleary's alleged remorse requires his sentence to be reduced.

More significant to our consideration of Cleary's character, however, is his criminal history. In 1996, Cleary was convicted of Class A misdemeanor operating while intoxicated and received a suspended sentence and informal probation. In 2002, Cleary was arrested for Class C misdemeanor operating a vehicle with a BAC of .10 or more and, upon conviction, was sentenced to one year suspended. In 2009, Cleary was arrested and charged with several alcohol-related offenses and was convicted of Class B misdemeanor public intoxication and sentenced to 180 days in jail and six months of probation. We agree with the trial court that prior leniency toward the negative effects of Cleary's alcohol use did not deter his criminal behavior. Given Cleary's lack of remorse and criminal history, he has not established that his sentence is inappropriate.

14

**Conclusion**

Cleary's retrial did not violate statutory or Indiana constitutional double jeopardy principles. The trial court did not abuse its discretion in admitting the blood test results into evidence, and Cleary has not established that his sentence is inappropriate. We affirm.

Affirmed.

PYLE, J., concurs.

CRONE, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

JEFFREY A. CLEARY,                    )
                                      )
    Appellant-Defendant,          )
                                      )
        vs.                   )      No. 45A03-1212-CR-518
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

**CRONE, Judge, dissenting**

The trial court should have entered a judgment of conviction on Cleary's misdemeanor operating while intoxicated ("OWI") charges, which would have precluded a retrial on the felony OWI charges. I believe that this result is compelled by principles of fundamental fairness and the principles underlying the Indiana Constitution's double jeopardy clause. Therefore, I respectfully dissent.[6]

Cleary points out that "when the State charges someone with multiple counts of crimes based on the same conduct but at varying felony and misdemeanor levels, [it assumes]

---

[6] Notwithstanding my dissent, I agree with the majority that the trial court did not abuse its discretion in admitting the blood test results. I express no opinion on the appropriateness of Cleary's sentence for his felony conviction, which I believe to be unconstitutional.

the risk that a jury may not find guilt on the more serious counts." Appellant's Br. at 11.

He argues that if the State wants to avoid findings on a lesser offense, it

> should not charge the lesser offenses. It is solely [the State's] charging decision and the State should not be able to repeatedly prosecute someone when [it gets] verdicts on lesser offenses [it charged] but no verdict on the greater offense. Indiana Code Section 35-41-4-3 clearly says a finding on a lesser offense is an acquittal on the greater offense. The statute could not be clearer. Under *Haddix*, the State is given a tunnel to escape I.C. § 35-41-4-3 by giving trial courts the option to not enter a conviction as dictated by I.C. § 35-38-1-1. This is particularly offensive because now the State can keep taking a shot at a defendant especially if the State's case is weak.

*Id*. I find Cleary's argument persuasive and believe that allowing the State to "keep taking a shot" at a felony conviction against a defendant in Cleary's position violates principles of fundamental fairness as well as the principles underlying the constitutional prohibition against double jeopardy. *See Garrett*, 992 N.E.2d at 721 ("[T]he idea underlying the Double Jeopardy Clause's prohibition against multiple prosecutions 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby … enhancing the possibility that even though innocent he may be found guilty.'") (quoting *Green*, 355 U.S. at 187-88).

It is important to remember that our supreme court has not expressly decided this issue and that the *Haddix* court found that similar arguments had merit. Our holding in *Haddix* was based to a significant extent on an inference drawn from the supreme court's summary denial of Haddix's petition for writ of mandamus. Although that inference was reasonable, in my view it is a slender thread on which to hang an issue of constitutional

dimension.[7]  Moreover, and perhaps more importantly, *Haddix* was decided on federal constitutional grounds.

Cleary, however, has invoked the protections of the Indiana Constitution.  Article 1, Section 14 of the Indiana Constitution states, "No person shall be put in jeopardy twice for the same offense."  Based on this straightforward wording and common-sense notions of double jeopardy, most Hoosiers would reasonably conclude that after the jury found him guilty of the misdemeanor OWI counts, Cleary should not have been tried again for the same offenses.  In *Garrett*, our supreme court recently emphasized that "'[t]he notion that "jeopardy" is "risk" is the very core of double jeopardy jurisprudence'" and that "[j]eopardy is the risk of trial and conviction, not punishment."  992 N.E.2d at 721 (quoting *Bryant*, 660 N.E.2d at 299).  "In other words, double jeopardy protection prohibits twice subjecting an accused to the risk that he will be convicted of a single crime."  *Id*.[8]  Because the trial court denied Cleary's request to enter judgment of conviction on the jury's guilty verdict on the misdemeanor OWI counts, he was twice subjected to the risk that he would be convicted of a single crime.  Cleary's double jeopardy rights were violated, and therefore I would reverse and remand with instructions to vacate his class B felony conviction and resentence him accordingly.

---

[7]  Our supreme court denied Haddix's petition to transfer, but Indiana Appellate Rule 58(B) states that "[t]he denial of a Petition to Transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court."

[8]  I am unpersuaded by the majority's statement that a "close reading" of *Garrett* "suggests that our supreme court does not believe that the Indiana Constitution bars retrial where a jury reached a verdict on some counts but is deadlocked on others."  Slip op. at 10.  The rapes in *Garrett* were two separate crimes against the same victim; as such, a conviction on one rape would not bar retrial for the other rape in the event of a hung jury on that count.  Here, however, the misdemeanor OWI counts are lesser-included offenses of the felony OWI counts.